ALD-204                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1990
_____

PRINCE A.Z.K. ADEKOYA, II,
                                        Appellant

v.

MICHAEL CHERTOFF, Secretary of Homeland Security; U.S.
Immigration and Customs Enforcement, et al, CHRISTOPHER SHANAHAN,
Field Office Director, DHS/ICE New York, New York;
R LOPEZ, Deportation Officer, Detention and Removal Operation
DHS/ICE New York, New York; LEO MCGUIRE, Sheriff,
Bergen County Jail, Hackensack N.J.; JOHN DOE, Undersheriff
U.S. Bergen County Jail, Hackensack, NJ; JOHN DOE,
Medical Director, Bergen County Jail, Hackensack, NJ;
JACKSON, Captain, Bergen County Jail, Hackensack, New Jersey;
BAKAY, Lieutenant, Bergen County Jail, Hackensack, New Jersey;
PICKEL, Lieutenant, Bergen County Jail, Hackensack, New Jersey;
M. MARTINELLI, Badge #1340, Sergeant, Bergen County Jail,
Hackensack, New Jersey; K. GROOME, Badge # Unknown,
Unit Officer, Bergen County Jail, Hackensack, New Jersey;
J. CONDE, Badge # Unknown, Unit Officer, Bergen County Jail,
Hackensack, New Jersey; PATRICK HUGHES, Badge # Unknown,
Unit Officer, Bergen County Jail, Hackensack, New Jersey;
B. YIGITKURT, Badge #1466, Unit Officer, Bergen County Jail,
Hackensack, New Jersey; R. WHITE, Badge #1535, Unit Officer,
Bergen County Jail, Hackensack, New Jersey; ACCOMANDO,
Badge # 1447, Unit Officer, Bergen County Jail, Hackensack, New Jersey;
D. PATTI, Badge #1416, Unit Officer, Bergen County Jail,
Hackensack, New Jersey; R. TOURRE, Badge #1351, Unit Officer,
Bergen County  Jail, Hackensack, New Jersey; P. MOSCATELLI,
Badge # 1074, Corporal, Medication Round Officer,
Bergen County Jail, Hackensack, New Jersey; KLEIN, Klein,
RN- Medical Staff- Medical  Department, Bergen County Jail,
Hackensack, New Jersey; G. FASCE, IEA, DHS/ICE Officer,
Bergen County Jail, Hackensack, New Jersey; JANET NAPOLITANO,

Secretary of Homeland Security; Immigration & Customs Enforcement, et al
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-08-cv-03994)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed June 21, 2011 )
_____

OPINION
_____

PER CURIAM

Adekoya, proceeding pro se, is an immigration detainee housed at the Buffalo

Federal Detention Facility in Batavia, New York.  He appeals from the District Court's

order dismissing two of his claims and granting the defendant-appellees' motion for

summary judgment on the remaining claim.  Because the appeal does not present a

substantial question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P.

10.6.

I

In August 2008, Adekoya filed in the District Court a complaint under 42 U.S.C.

§ 1983 and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388

(1971), alleging that several state and federal officials violated his constitutional rights

during the three-week period he was housed at the Bergen County Jail ("BCJ") in Hackensack, New Jersey. Adekoya first alleged that BCJ staff violated his rights because they refused to provide him with halal meals. Relatedly, he claimed that he refused to eat the meals he was provided and, as a result, BCJ medical staff did not give him pain medication that he was prescribed after having hand surgery. Adekoya alleged that the failure to provide him pain medication inhibited his rehabilitation and has caused permanent injury to his hand. Finally, he alleged that he was given insufficient access to the BCJ law library.

The District Court initially dismissed Adekoya's complaint, but granted him leave to amend the complaint. After Adekoya filed an amended complaint, the District Court dismissed his halal meal and law library claims, but permitted his medical care claim to proceed. The defendants against whom the claim was raised -- Nurse Ann Marie Klein and BCJ Officer Patricia Moscatelli -- sought summary judgment, which the District Court granted. Adekoya filed a timely notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the sua sponte dismissal of a complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, Adekoya had to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Dismissal was only appropriate if, "accepting all factual allegations as true and

3

construing the complaint in the light most favorable to [Adekoya], we determine that [he] is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). "Our review of a district court's grant of summary judgment is plenary, and we must apply the same standard the district court was required to apply under Federal Rule of Civil Procedure 56[]." Spence v. ESAB Group, Inc., 623 F.3d 212, 216 (3d Cir. 2010). "Thus, we can affirm only 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" Id. (quoting former Fed. R. Civ. P. 56(c)(2)). "A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. "In evaluating the evidence, we must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Id. (internal quotation marks and citation omitted).

Because Adekoya was an immigration detainee at the time of the alleged constitutional violations, he was entitled to the same protections as a pretrial detainee. See Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000). "[W]hen pretrial detainees challenge their conditions of confinement, we must consider whether there has been a violation of the Due Process Clause of the Fourteenth Amendment." Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008). The Supreme Court has instructed that "the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). To determine whether challenged conditions of

4

confinement amount to punishment, the "Bell Court mandated a pragmatic approach . . . and formulated the 'reasonable relationship' test . . . ." Stevenson v. Carroll, 495 F.3d 62, 67 (3d Cir. 2007). Under that test, "if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Bell, 441 U.S. at 539.

Adekoya first alleged that he is an adherent of Spiritism, which requires him to eat halal meals, and that the BCJ failed to provide him with appropriate food. A prison's failure to provide meals that comply with inmates' religious dietary restrictions can give rise to constitutional claims. See Williams v. Morton, 343 F.3d 212, 215-16 (3d Cir. 2003). In Williams, Muslim inmates alleged that the prison's failure to provide them with halal meals containing meat violated their First Amendment rights, and that the prison's policy of providing kosher meals to Jewish inmates violated their rights to Equal Protection under the Fourteenth Amendment. See id. With regard to the First Amendment claim, we held that the prison was not required to provide meals containing halal meat, given that the prison provided vegetarian meals that complied with halal rules, the practice was reasonably related to the prison's legitimate interests in simplified food service, security, and operating within budget constraints, and the prison provided Muslim inmates with significant alternative means of practicing their religion. See id. at 217-19. As to the inmates' Equal Protection claim, we concluded that no violation occurred because the evidence in the record showed that the kosher meals provided to Jewish inmates were also vegetarian. See id. at 221-22.

5

Turning to Adekoya's amended complaint, we agree with the District Court that he failed to make out a First Amendment claim. Although he repeatedly alleged that he did not receive halal meals while at the BCJ, he did not allege that he was denied vegetarian meals or otherwise prevented from practicing his religion. Without more, we agree with the District Court that Adekoya's allegation was insufficient to pass muster under Iqbal. Likewise, we agree that Adekoya failed to allege an Equal Protection Clause violation. Although he explained that Jewish inmates at BCJ received kosher meals, he did not allege that these kosher meals contained meat or that they were appreciably different from the meals he was provided.

Next, Adekoya alleged that he was denied access to the BCJ law library, despite having multiple cases pending in federal court. Although prisoners have a constitutional right to access the courts, which includes a right to adequate law libraries and/or legal assistance for the purpose of challenging their convictions, sentences, or conditions of confinement, see Lewis v. Casey, 518 U.S. 343, 355 (1996); Bounds v. Smith, 430 U.S. 817, 828 (1977), a prisoner alleging that he was deprived of his right to access the courts must allege that he suffered some injury as a result of the deprivation. See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997) (citing Lewis, 518 U.S. at 351). As the District Court noted, Adekoya did not specify the nature of any of his pending suits, and, more fundamentally, failed to allege that he suffered any prejudice because he could not access a law library during the approximately three weeks he was at the BCJ. Accordingly, we agree that he failed to adequately set forth a claim for relief.

6

Finally, Adekoya alleged that Klein and Moscatelli were aware of his medical condition, but failed to provide him adequate medication or physical therapy. He claimed that Nurse Klein knew he had to take his medication with food, but failed to provide him with halal food, thus forcing him to forego medication. He also claimed that Moscatelli, who served as the medication rounds officer, failed to honor her promise to see about getting Adekoya halal meals.

In support of their summary judgment motion, the defendants presented evidence that Klein was responsible for administering Adekoya's medication on two occasions, and that she did so, and that Adekoya was advised by BCJ nurses not to take the medication on an empty stomach. The defendants also presented evidence that, on a separate occasion, Klein had Adekoya brought to the infirmary because his hand was swollen and caused him significant pain, but he had not been given medication by another nurse because he would not eat. Adekoya told her that he would not eat until he was given a halal meal and access to the law library. Klein explained that she did not have authority to deal with either of those problems, but offered him a donut so that he would have something to eat with his medication. Adekoya accepted her offer and took his pain medication. Finally, Moscatelli averred that her only function while acting as the medication rounds officer was to accompany the nurse and secure the medication cart; she had no authority to dispense or withhold medication. Although Adekoya took issue with some of the details in the defendants' statement of material facts, he did not dispute that Nurse Klein provided him with medication at appropriate times and that he took the

7

medicine, at least occasionally.  Rather, he suggested that Klein and Moscatelli indicated that they had the authority to help him with his other problems -- particularly his dietary concerns -- but did not do so.  However, nothing in the record supports his contention. Rather, our review of the record leads to the same conclusion reached by the District Court:  the defendant-appellees provided adequate medical treatment to Adekoya, and his failure to benefit from that treatment stemmed from his refusal to eat food he was dissatisfied with -- a problem for which neither Klein nor Moscatelli bore responsibility. Thus, the District Court correctly reasoned that Adekoya's medical care did not constitute punishment that violated Due Process, and summary judgment on that claim was appropriate.

Accordingly, we will affirm.